HANSON ET AL. v. TAPER SLEEVE PULLEY INCORPORATION
ET AL.

1. Attachment: EXECUTION: PRIORITY: LEVY: POSSESSION: WAIVER.
The defendant bank levied an attachment on the machinery in question
on the 26th of January, and took possession on the 28th.   Plaintiffs
levied an execution on part of the same property on the 27th, but did
not take possession, but returned the writ, and, upon another execution,
garnished the sheriff at the time of the sale of the property under the
attachment.   *Held* that, if plaintiffs could have claimed any lien on the
property, as against the bank, under their first execution, they waived
it by not taking possession, and by their subsequent conduct, which was,
in effect, an election to rely on the garnishment for any balance of the
proceeds after paying the judgment of the bank.

*Appeal from Dubuque Circuit Court.*

FRIDAY, OCTOBER 14.

THIS is a controversy between creditors involving the priority of the levy of an execution over the levy of an attachment.   Appellants were the execution plaintiffs, and the First National Bank of Dubuque was the plaintiff in the attachment proceeding.   There was a trial to a jury.   When the evidence had been introduced, the court instructed the jury to return a verdict for the defendant, which was done, and a judgment was rendered thereon.   Plaintiffs appeal.

*J. C. Longueville*, for appellants.

*A. Cragin*, for appellees.

ROTHROCK, J.—The attachment in behalf of the bank was issued on the 26th day of January, 1885, and on that day the sheriff went to a building in which certain property of the incorporation defendant was situated.   This property consisted in part of machinery not capable of removal without considerable labor. · Upon arriving at the building with the attachment, the sheriff found an officer of the incorporation in possession of the building and property.   He informed

the officer that the machinery was attached, and requested a delivery of the keys of the building to him. The officer told the sheriff that he had some writing to do, and some private property of his own that he wanted to look after, and promised that he would deliver the keys when he got through. The sheriff returned to the building on the morning of the 28th day of January, 1885, took possession of all the machinery, and kept it in his custody by virtue of the attachment, and sold it on execution, on a judgment in the attachment proceedings, on the 26th day of March, 1885. The plaintiff recovered a judgment against the incorporation on the 27th day of January, 1885. An execution was issued and delivered to a constable, who went to the building, and declared that he levied the execution on a designated part of the property. He did not attempt to remove the property, and his acts in relation thereto were no more indicative of dominion over the property than were the acts of the sheriff on the preceding day. The constable never afterwards undertook to take possession of the property. The custody of the property by the sheriff was not questioned by any one. The plaintiffs afterwards had another execution issued, and they served a notice of garnishment on the sheriff at the time of the sale of the property.

This statement of facts, though not in full detail of all the acts of the parties, is sufficient to show that the ruling of the court was correct. If the constable claimed that his acts amounted to a levy, he should have proceeded to execute his writ by attempting to reduce the property to possession. He did not do this, but returned his writ; and when another execution issued, and the sheriff was garnished thereon, the plaintiffs must be held to have abandoned any claim to a levy, and relied on the garnishment for any balance of the proceeds of the sale after paying the judgment of the bank.

AFFIRMED.